## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MICHELE LUSSIER,**

    **Plaintiff**

**vs.**                                              **Case No.**

**LIFEWORKS WELLNESS CENTER, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michele Lussier ("Plaintiff" or "Lussier"), by and through the undersigned counsel, hereby sues Defendant LifeWorks Wellness Center, LLC ("Defendant" or "LifeWorks") and alleges as follows:

### INTRODUCTION

1.    This is an action brought pursuant to the Florida Civil Rights Act of 1992, as amended, §760.01 *et seq.*, Fla. Stat. ("FCRA") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.* ("ADA").

### JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction over these claims as Plaintiff states a claim for damages under the ADA. The Court may assert supplemental jurisdiction over the state law claim. All administrative prerequisites have been exhausted or excused.

3.    Venue is proper in the Court because all facts material to all claims set forth herein occurred in Pinellas County, Florida.

## PARTIES

4.      Lussier was and is a resident of Pinellas County, Florida.

5.      At all times material to this action, LifeWorks was a limited liability corporation located in Pinellas County, Florida.

6.      At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

## GENERAL ALLEGATIONS

7.      Defendant is a health clinic.

8.      Plaintiff began working for Defendant on or around September 7, 2007.

9.      Plaintiff held the position of Public Relations and Marketing Manager.

10.     In or around June 2019, Lussier was diagnosed with pancreatic cancer.

11.     Following this diagnosis, Lussier underwent major surgery.

12.     While she was in the hospital, Lussier kept up with her work remotely and stayed in regular contact.

13.     Lussier was discharged from the hospital on July 2, 2019, seven days after her surgery.

14.     Lussier returned to work on July 10, 2019 on a part-time basis.

15.     Upon her return to work with Defendant, Lussier was told she would no longer be managing the two employees she had previously managed.

16.     Lussier was also informed that she would no longer have remote access to her email and was asked to copy Tamora German, the office manager and Plaintiff's supervisor, on every email she sent.

17.     Lussier was informed that Dr. David Minkoff, the Medical Director, wanted Plaintiff to "make up the time" that she had spent in the hospital since she had been given paid leave and was told she owed 88 hours of work to the Defendant.

18.     When Lussier said this would be very difficult to make up, especially given her continued recovery due to her cancer and surgery, Lussier was told Defendant would not be paying her weekly bonus until she had paid back the money she had received while in the hospital and recovering from surgery.

19.     Due to all of these changes, Lussier asked about her job security and was told her job was safe.

20.     On July 26, 2019, Lussier returned to working full-time hours.

21.     Lussier again asked about the job as she felt more of her responsibilities were being taken away and was again told that there was nothing to worry about.

22.     Around that same time, Lussier's oncologist informed her that she would need to undergo a round of chemotherapy, and that without chemotherapy she would have a life expectancy of five years, so Lussier told German about the necessary chemotherapy.

23.     On August 1, 2019, Lussier was terminated.

24. No reason was given for the termination other than it was "just not working out."

25. At all times material to this action, Plaintiff had a disability.

26. At all times material to this action, Plaintiff was a qualified individual.

27. At all times material to this action, Plaintiff could perform the essential functions of her job with or without an accommodation.

28. All administrative notice requirements and prerequisites have been satisfied.

29. Plaintiff received a cause determination from the Equal Employment Opportunity Commission and the Pinellas County Office of Human Rights finding that Defendant violated the law.

30. Plaintiff received a Notice of Right to Sue and this lawsuit is being filed within 90 (ninety) days of the issuance of the notice.

31. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

32. Plaintiff demands a trial by jury on all claims alleged herein.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT DISCRIMINATION**

33. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

34. Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known handicap, and/or because

Defendant regarded her as having a handicap, and/or because of Plaintiff's record of having a handicap in violation of the Florida Civil Rights Act.

35.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a)    Back pay and benefits;

      b)    Front pay and benefits;

      c)    Compensatory damages;

      d)    Punitive damages;

      e)    Interest;

      f)    Reasonable attorney fees and costs; and

      g)    Any other relief this Court or the jury deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT RETALIATION

36.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

37.    Defendant engaged in unlawful employment practices and retaliated against Plaintiff because she sought accommodations due to her handicap in violation of the Florida Civil Rights Act.

38.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      h)    Back pay and benefits;

    i)     Front pay and benefits;

    j)     Compensatory damages;

    k)    Punitive damages;

    l)     Interest;

    m)   Reasonable attorney fees and costs; and

    n)    Any other relief this Court or the jury deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT DISCRIMINATION

39.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

40.    Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act.

41.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a)    Back pay and benefits;

    b)    Front pay and benefits;

    c)    Compensatory damages;

    d)    Punitive damages;

    e)    Interest;

f) Reasonable attorney fees and costs; and

g) Any other relief this Court or the jury deems just and equitable.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT RETALIATION

42. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully stated herein.

43. Defendant engaged in unlawful employment practices and retaliated against Plaintiff because she sought accommodations due to her disability in violation of the Americans with Disabilities Act.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a) Back pay and benefits;

b) Front pay and benefits;

c) Compensatory damages;

d) Punitive damages;

e) Interest;

f) Reasonable attorney fees and costs; and

g) Any other relief this Court or the jury deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michelle Erin Nadeau
**Ryan D. Barack**
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff