UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELE LUSSIER,

    Plaintiff,

v().                                                  Case No: 8:21-cv-2386-CEH-TGW

DEFENDANT LIFEWORKS
WELLNESS CENTER, LLC,

    Defendant.
_____

**ORDER**

This cause comes before the Court upon Defendant Lifeworks Wellness Center, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 14) and Plaintiff Michele Lussier's Response in Opposition (Doc. 15). For the reasons set forth below, the Court will grant-in-part and deny-in-part the Motion to Dismiss.

**I.    FACTUAL BACKGROUND**[1]

Plaintiff began working as a Public Relations and Marketing Manager for Defendant, a health center, in 2007. Doc. 1 ¶¶ 8, 9. She was subsequently diagnosed with pancreatic cancer, for which she underwent major surgery on July 2, 2019. *Id.* at

---

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge dated August 6, 2019, attached to Defendant's motion to dismiss (Doc. 14-1), *see, e.g.*, *Edmonds v. Southwire*, 58 F.Supp.3d 1347, 1352 n.6 (N.D. Ga. 2014) ("In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading").

¶ 10. Plaintiff provided notice to Defendant about the surgery and stayed in daily contact with her supervisor, Tamora German, and the medical director, Dr. David Minkoff, while she was out. Doc. 14-1. She continued to work remotely during her seven-day hospitalization. *Id.*; Doc. 1 ¶ 13. Following Plaintiff's discharge, German gave her permission to work part-time and told her "Take as long as you need, I just want you back well." *Id.*; Doc. 14-1.

On July 10, 2019, Plaintiff returned to work on a part-time schedule. Doc. 1 ¶ 14. Plaintiff then learned she would no longer be supervising the two employees whose work she had previously overseen. *Id.* at ¶ 15. She was also informed that she would no longer have remote access to her email and would be required to copy German on every email she sent. *Id.* at ¶ 16. Further, she alleges she was told to make up the 88 hours of work for which she had been given paid leave while she was in the hospital. *Id.* at ¶ 17. Plaintiff explained that making up these hours would be difficult because she was still recovering from her surgery. *Id.* at ¶ 18. She was then informed that Defendant would withhold her weekly bonus until she paid back the money she had received while on her paid leave. *Id.*

Plaintiff returned to working full-time on July 26, 2019. *Id.* at ¶ 20. She alleges that although she was able to perform all the essential functions of her job, she noticed that more of her responsibilities were being taken away from her. *Id.* at ¶¶ 21, 27. When she inquired, she was told she did not need to worry. *Id.* at ¶ 21. Around the

same time, Plaintiff learned, and informed German, that she would need to undergo chemotherapy. *Id.* at ¶ 22.

On July 31, 2019, German granted Plaintiff's request for permission to leave early because she was feeling weak (Doc. 14-1). Defendant terminated Plaintiff the following day. *Id.*; Doc. 1 ¶ 23. Defendant did not provide any reason for the termination aside from the comment that it was "just not working out." *Id.* at ¶ 24.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 6, 2019 (Doc. 41-1). In her EEOC charge, she alleged that Defendant discriminated against her because of her medical condition by terminating her after her request to leave early. *Id.* The EEOC provided Plaintiff with a Notice of Right to Sue (Doc. 1 ¶ 30).

Plaintiff then initiated the instant action, alleging violations of the Americans with Disabilities Act and the Florida Civil Rights Act of 1992. *Id.* at ¶¶ 1, 33-44. Specifically, she alleges that Defendant discriminated against her because of her medical condition or perceived disability, *id.* at ¶¶ 33-35, 39-41, and that it retaliated against her for seeking accommodations for her disability, *id.* at ¶¶ 36-38, 42-44.

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a claim upon which relief could be granted as to the retaliation claim, or to exhaust her administrative remedies as to any claim (Doc. 14). Plaintiff opposes the motion (Doc. 15).

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are also insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). The Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*  Overall, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

## III.  DISCUSSION

In its motion to dismiss, Defendant first argues that Plaintiff has failed to state a claim upon which relief may be granted because her current allegations exceed the scope of the EEOC charge, and she therefore failed to exhaust her administrative remedies. *See* Doc. 14.  Specifically, Defendant asserts that the EEOC charge did not contain the new acts of discrimination that Plaintiff now alleges (*id.* at 8-10), and it

expressly omitted any allegations of retaliation (*id.* at 5-7). Further, Defendant argues that the allegations of retaliation are not supported by specific, non-conclusory facts as required under the *Iqbal/Twombly* pleading standard. *Id.* at 7-8.

In response, Plaintiff disputes Defendant's characterization of her current claims as involving "new acts" of discrimination, arguing that her current allegations merely expand upon and clarify the allegations in the EEOC charge (Doc. 15 at 9-11). She also contends that the allegations in the EEOC charge were sufficiently related to her current retaliation claim, resulting in an EEOC investigation that exhausted her administrative remedies as to both types of claim. *Id.* at 2-7. Finally, Plaintiff argues that she made out a prima facie case of retaliation within her EEOC charge and the instant Complaint. *Id.* at 7-9.

As a threshold matter, the Court will analyze the corresponding state and federal law claims together in this Order. Plaintiff has asserted one claim of discrimination under state law (Count I), and one claim of discrimination under federal law (Count III). Doc. 1 ¶ 33-35, 39-41). She has also asserted one claim of retaliation under state law (Count II) and one claim of retaliation under federal law (Count IV). *Id.* at ¶ 36-38, 42-44. The state claims derive from the Florida Civil Rights Act ("FCRA"), while the federal claims derive from the Americans with Disabilities Act ("ADA"). Claims brought under the FCRA are analyzed using the same framework as claims brought under the ADA. *See*, *e.g.*, *Sicilia v. United Parcel Service*, 279 F. App'x 936, 939 n.6 (11th Cir. 2008) (FCRA retaliation claims are analyzed under the same framework as ADA retaliation claims); *Holly v. Clairson Industries, LLC*,

5

492 F.3d 1247, 1255 (11th Cir. 2007) ("disability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims"); *State v. Jackson*, 650 So.2d 24, 27 (Fla. 1995) ("a long standing rule of statutory construction in Florida recognizes that if a state law is patterned after federal law on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts"). As such, this Court will analyze the two discrimination claims (Counts I and III) together, and the two retaliation claims (Counts II and IV) together.

The Court concludes that Plaintiff has exhausted her administrative remedies as to all four counts. However, Plaintiff has not adequately pleaded her claims of retaliation. As such, Defendant's Motion to Dismiss is due to be denied-in-part and granted-in-part.

### A. Exhaustion of Administrative Remedies[2]

Before bringing suit under the ADA, plaintiffs are required to exhaust their administrative remedies by filing a charge of discrimination with the EEOC. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018). The purpose of the exhaustion

---

[2] Defendant moves to dismiss all claims under Rule 12(b)(6), based on Plaintiff's alleged failure to exhaust administrative remedies (Doc. 14 at 3). Although this argument may be raised via Rule 12(b)(6), *see Carter v. Secretary of Navy*, 492 F. App'x 50, 53 (11th Cir. 2013) (upholding Rule 12(b)(6) dismissal for failure to exhaust), the exhaustion of administrative remedies is a pre-requisite to the Court's jurisdiction, and the failure to exhaust is thus most properly challenged in a motion pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. *Peppers v. Cobb County, Ga.*, 835 F.3d 1289 (11th Cir. 2016); *see Bakerville v. Secretary of Dep't of Veterans Affairs*, 377 F.Supp.3d 1331, 1334 n.1 (M.D. Fla. 2019) (collecting cases on jurisdictional challenges to exhaustion requirement). Because this Court must examine its own jurisdiction *sua sponte* whenever it may be lacking, *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004), it will consider whether Plaintiff has exhausted her administrative remedies as a question of jurisdiction as well as adequacy of the pleadings.

requirement is to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices[.]" *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citations and quotations omitted).[3] For this reason, a plaintiff is not permitted to allege new acts of discrimination that were not raised in the EEOC charge. *Id.* at 1280.

On the other hand, the scope of an EEOC charge "should not be strictly interpreted," *see Batson*, 897 F.3d at 1327 (citations omitted), and courts are "extremely reluctant to allow procedural technicalities to bar discrimination claims." *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)[4]). Accordingly, any claim that "can reasonably be expected to grow out of the charge of discrimination" in the EEOC is permissible, including claims that "amplify, clarify, or more clearly focus the allegations in the EEOC charge." *Gregory*, 355 F.3d at 1280 (quotations omitted). "[T]he proper inquiry is whether the plaintiff's complaint is like or related to, or grew out of, the allegations contained in the EEOC charge." *Batson*, 897 F.3d at 1328 (quotations omitted).

---

[3] Although *Gregory* involved a suit brought under Title VII of the Civil Rights Act of 1964, the Eleventh Circuit has analyzed the EEOC exhaustion requirements identically in discrimination cases involving Title VII and the ADA. *See, e.g., Batson*, 897 F.3d at 1327-28 (citing to and applying the same analysis as Title VII cases for an ADA claim); *see also Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII").

[4] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### 1. Discrimination Claims (Counts I and III)

Defendant argues that Plaintiff has failed to exhaust her administrative remedies as to the discrimination claims in Counts I and III, because the allegations in the Complaint constitute new acts of discrimination that were not alleged in the EEOC charge, nor were they reasonably foreseeable from the single act alleged in the EEOC charge (Doc. 14 at 7-9). In response, Plaintiff asserts that the Complaint merely "expands upon and clarifies" the discrimination alleged in the EEOC charge (Doc. 15 at 9).

The prohibition against raising "new acts of discrimination" not alleged before the EEOC "is best understood to bar fundamentally new 'types' of discrimination claims that are alleged in a complaint but not derivative of the initial charge." *Donovan v. Westcor Land Title Ins. Co.*, 6:20-cv-544-PGB-GJK, 2020 WL 13357822, *7 (M.D. Fla. July 8, 2020). For example, the Eleventh Circuit has held that a claim alleging disability discrimination could not reasonably be expected to grow from an EEOC charge that alleged only sex and pregnancy discrimination. *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013); *see also Palmer v. McDonald*, 8:13-cv-01784-WFJ-JSS, 2019 WL 1490667, *9-10 (M.D. Fla. April 4, 2019) (Jung, J.) (plaintiff failed to exhaust administrative remedies for its failure to accommodate claim, which involves a different legal analysis than a claim of discriminatory treatment under the ADA and is therefore too distinct to have reasonably grown out of the discrimination allegations in the EEOC investigation).

In contrast, new allegations that are "like or related to, or grew out of" the allegations in the EEOC charge are permissible. *See Batson*, 897 F.3d at 1328. It is not the case that "every particular fact alleged in the judicial complaint must have a direct counterpart in the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970). In *Donovan*, 2020 WL 13357822 at *7, for example, the plaintiff adequately exhausted her administrative remedies where both her EEOC charge and her current complaint "explicitly assert[ed] the same 'act' of discrimination—disability discrimination under the ADA," even though the current complaint alleged different types of disability." Similarly, in *Wingfield v. South University of Florida, Inc.*, 8:09-cv-1090-SCB-TBM, 2009 WL 2144676, *3 (M.D. Fla. July 15, 2009) (Bucklew, J.), the court found that an EEOC charge that alleged an ADA violation for the defendant placing the plaintiff on unpaid sick leave and terminating her due to her disability was sufficient to exhaust her administrative remedies, even though the allegations in the complaint were much more detailed.

Here, as in *Wingfield*, the Complaint contains many more detailed allegations of disability discrimination than the EEOC charge. The Complaint alleges several specific actions by Defendant that were not included in the EEOC charge, such as removing some of plaintiff's responsibilities and her remote access, and requiring her to copy her manager on emails and make up the time she spent on medical leave. *See* Doc. 14 at 9; Doc. 1 ¶¶ 15-17, 21. However, the claim at the heart of both the EEOC charge and Counts I and III is discrimination based on a disability that arose in June 2020. Further, all of the discriminatory actions listed in the Complaint allegedly

9

occurred during the two-month period between Plaintiff's surgery and her termination, *id.*, which is the period of focus in the EEOC charge as well. Doc. 14-1. Although the only discriminatory act specifically named in the EEOC charge is Plaintiff's termination, she did not claim that this was the only act that occurred; instead she stated her belief that she was discriminated against due to her disability in a separate conclusion line at the end of the factual allegations. *Id.* The EEOC investigation therefore would have reasonably encompassed all possibly-discriminatory actions that occurred during the relevant two-month period leading up to the termination. Nor does Plaintiff now allege a new *type* of discrimination claim that would not reasonably have grown out of the EEOC investigation. *Id.*; *cf. Penaloza*, 549 F. App'x at 848; *Palmer*, 2019 WL 1490667 at *9-10. The Court declines to strictly interpret the scope of Plaintiff's EEOC charge, *see Batson*, 897 F.3d at 1327, and therefore finds that the current allegations of discrimination are sufficiently "like or related to" those brought before the EEOC. The motion to dismiss Counts I and III on exhaustion grounds is due to be denied.

    *2. Retaliation Claims (Counts II and IV)*

Defendant next contends that Plaintiff cannot raise the claims of retaliation in Counts II and IV because she "expressly omitted" them from her EEOC charge by not checking the box labeled "retaliation" (Doc. 14 at 5). Defendant argues that Plaintiff's retaliation claim is not "inextricably intertwined" with the discrimination claim in the EEOC charge, as it was in *Gregory*, 355 F.3d at 1280 (Doc. 14 at 6-7). Plaintiff

responds that the failure to check the retaliation box in an EEOC charge is not fatal to a claim when it is otherwise connected to the allegations (Doc. 15 at 2-4).

Contrary to Defendant's arguments, Plaintiff's failure to check the retaliation box or expressly refer to "retaliation" in her EEOC charge does not bar her from asserting it now. Considering a similar situation in *Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018), the Eleventh Circuit concluded that the plaintiff had exhausted her administrative remedies even though she had not checked the retaliation box in her EEOC charge. The plaintiff's EEOC charge stated that she believed she had suffered discrimination because of her disability, that her request for an accommodation had been denied, and that the discrimination occurred until the date of her termination. The Court held that "[e]ven though [the plaintiff] did not mark the retaliation box on the form…the information included in the [EEOC charge] was sufficiently related to [her] retaliation claim to satisfy the exhaustion requirement." *Id.* (quotations omitted). The allegations before the EEOC were adequate to allow its investigation to uncover "in some fashion" the plaintiff's retaliation complaint. *Id.*

Similarly, in *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004), a case both Defendant and Plaintiff cite (Doc. 14 at 7; Doc. 15 at 3), the Eleventh Circuit found that the plaintiff's EEOC charge was sufficient to exhaust her administrative remedies as to a retaliation claim even though the box for retaliation had not been checked, because it stated the relevant dates of discrimination and the plaintiff's belief that she was terminated because of her race and sex. The Court noted that an EEOC investigation into her discrimination complaints would have

11

investigated possible reasons for her termination, including the possibility that she was terminated in retaliation for having complained about disparate treatment; the investigation "would have reasonably uncovered any evidence of retaliation." *Gregory*, 355 F.3d at 1280. In both *Batson* and *Gregory* the Court emphasized that the plaintiff was without the aid of counsel when completing the EEOC charge, a fact that weighed in favor of its liberal construction. *Id.*; *Batson*, 897 at 1328.

The instant action strongly resembles *Batson* and *Gregory*. There is no dispute that Plaintiff did not expressly allege retaliation in her EEOC charge or check the retaliation box. However, she stated that she requested certain changes to her work, such as working remotely or part-time—which can fairly be interpreted as accommodations for her disability—and that she was terminated without cause the day after she requested to leave early for medical reasons (Doc. 14-1). She also listed the date of her termination as the most recent date of discrimination. *Id.* As in *Gregory* and *Batson*, this information was sufficient to prompt an EEOC investigation into the reason for her termination, including the possibility that she was terminated for requesting accommodations; the investigation "would have reasonably uncovered any evidence of retaliation." *Gregory*, 355 F.3d at 1280. The Court therefore finds that a claim of retaliation could "reasonably be expected to grow out of the charge of discrimination" that Plaintiff listed in her EEOC charge, *id.*, in light of courts' "extreme[] reluctan[ce] to allow procedural technicalities to bar discrimination claims." *Kelly*, 557 F. App'x at 899.

Defendant's reliance on *Buade v. Terra Group, LLC*, 259 So.3d 219 (Fla. 3d DCA 3d 2018) (Doc. 14 at 6), is misplaced.  In *Buade*, the plaintiff alleged in court that her termination constituted retaliation, but her EEOC charge had failed to indicate that she had been terminated or that any adverse action was taken against her. 259 So.3d at 223.  The court held that the lack of any factual narrative in the EEOC charge to support her current retaliation claim was fatal. *Id.*  Here, in contrast, Plaintiff's EEOC charge asserted that her employment was terminated without cause—an adverse employment action—after she became disabled and requested accommodations.  This factual narrative adequately supports her current retaliation charge.

Construing the EEOC charge liberally, given that Plaintiff was without the aid of counsel when she prepared it (Doc. 15 at 4; *see Gregory*, 355 F.3d at 1280; *Batson*, 897 at 1328), the Court finds that she adequately exhausted her administrative remedies as to the claims of retaliation.  Defendant's motion to dismiss Counts II and IV on exhaustion grounds is therefore denied.

**B. Adequacy of Retaliation Counts (II and IV) Under Rule 12(b)(6)**

Defendant further argues that the Complaint fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because it asserts only non-specific, conclusory assertions of liability to support the retaliation claims (Doc. 14 at 7-8).  Plaintiff responds that she has made out a *prima facie* case of retaliation (Doc. 15 at 7-9).

To establish a *prima facie* case of retaliation, a plaintiff must show that:
1. she engaged in a statutorily protected expression,

      2. she suffered an adverse employment action, and
      3. there was a causal connection between the two.

*Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016) (citations omitted); *see also St. Louis v. Fla. Int'l Univ.*, 60 So.3d 455, 460 (Fla. 3d DCA 2011) (listing the same elements for a retaliation claim under the FCRA). But "[b]ecause the prima facie case for retaliation constitutes an evidentiary standard rather than a pleading requirement, [the plaintiff] need only allege adequate facts to satisfy Rule 8(a)(2) by stating a claim to relief that is plausible on its face." *Ramsey v. Greenbush Logistics, Inc.*, 3:17-CV-01167-AKK, 2017 WL 6492608, *5 (N.D. Ala. Dec. 19, 2017) (internal citations and quotations omitted).

    A request for a reasonable accommodation is a protected activity under the ADA. *Frazier-White*, 818 F.3d at 1258. Termination is, of course, an adverse employment action. *Hurlbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). With respect to the causal connection element, the plaintiff must demonstrate that the protected activity and the adverse action were "not wholly unrelated." *See Hughes v. Wal-Mart Stores East, LP*, 846 F. App'x 854, 858 (11th Cir. 2021) (citations omitted). She may do so by "providing sufficient evidence that a decision-maker was aware of the protected activity, and that there was a close temporal proximity between this awareness and the adverse action." *Id.* In *Williams v. Accelerated Learning Solutions, Inc.*, 2:16-cv-239-SPC-MRM, 2016 WL 3552430, *7 (M.D. Fla. June 30, 2016), for example, the plaintiff sufficiently pleaded a prima facie case for

14

retaliation when he alleged that he requested a reasonable accommodation for his medical condition and was fired one week later.

A retaliation claim will be dismissed, however, where the plaintiff has not alleged the specific reasonable accommodations she requested and their connection or close temporal proximity to the adverse action. *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999) (the duty to provide a reasonable accommodation is not triggered until there is a specific request for it). In *Gober v. Newton Cnty. Board of Health*, 1:21-cv-01612-WMR-CCB, 2021 WL 7632542, *10-11 (N.D. Ga. Dec. 17, 2021), the court dismissed the plaintiff's ADA failure to accommodate and retaliation claims under Rule 12(b)(6) for the failure to plausibly allege that she requested a reasonable accommodation, because her expressions of "fear and hesitation" about a new assignment did not constitute a request for a reasonable accommodation. The *Gober* court also noted that the claims could not be based on a different accommodation that the plaintiff had requested and received more than a month before she learned of her new assignment. *Id.* at *10; *see also Perry v. Don Park USA Limited Partnership*, 1:20-cv-03070JPB-RGV, 2021 WL 3399822, *12 (N.D. Ga. April 28, 2021) (plaintiff failed to state a claim for retaliation when it was unclear what specific accommodations he requested and when); *Phillips v. Harbor Venice Mgmt., LLC*, 8:19-cv-2379-VMC-TGW, 2020 WL 495224, *4 (M.D. Fla. Jan. 30, 2020) (Covington, J.) (retaliation claim dismissed without prejudice where plaintiff alleged she was denied certain accommodations and leave afforded to other employees upon

15

her diagnosis of breast cancer, but did not say what specific accommodations she requested).

Here, Plaintiff has plausibly alleged that she experienced an adverse employment action when she was terminated (Doc. 1 ¶ 23). However, the Complaint does not adequately place Defendant on notice of the protected activity that Plaintiff alleges led to her termination. Although she states, conclusorily, that she was terminated for seeking accommodations due to her disability (Doc. 1 ¶¶ 37, 43; Doc. 5 at 8),[5] she does not specify an accommodation request that she believes led to her termination. The Complaint alleges that she had worked remotely or on a part-time basis for a period of time after her cancer diagnosis, but does not expressly identify these as requests for accommodation; moreover, she had returned to a full-time schedule before she was terminated. Doc. 1 ¶¶ 12, 14, 20; *see Gober*, 2021 WL 7632542 at *10 (insufficient causal link between leave request that was granted and plaintiff's eventual termination). Plaintiff further alleges that she notified Defendant that she would need chemotherapy shortly before her termination, but does not claim that she requested any reasonable accommodations as a result. *Id.* ¶¶ 22-23; *Perry*, 2021 WL 3399822,

---

[5] Plaintiff also argues in her Opposition to Defendant's Motion to Dismiss that she was terminated due to her disability (Doc. 15 at 8). However, in a retaliation claim the adverse action must be causally connected to the protected conduct, not to the disability. *See Calvo v. Walgreens Corp.*, 340 F. Appx. 618, 612 (11th Cir. 2009) (making distinction between retaliation and discrimination on the basis of disability); *Christophe v. Walmart, Inc.*, 2:22-cv-017-JES-NPM, 2022 WL 1092209, *3 (M.D. Fla. April 12, 2022) (dismissing retaliation claim where plaintiff argued she was terminated because of her disabilities). Plaintiff's disability, alone, does not provide a valid basis for her retaliation claim.

\*12; *Phillips*, 2020 WL 495224 \*4 (plaintiff must make and allege a specific request for accommodation to state a claim for retaliation). Finally, while the EEOC charge alleges that she requested to leave early the day before her termination (Doc. 14-1),[6] Plaintiff did not include this allegation in the Complaint. It is therefore unclear whether she intends to rely on it as a basis for her retaliation claim in the instant litigation.

Accordingly, the Complaint does not provide adequate notice to Defendant of Plaintiff's allegations of the protected activity that led to her termination. *See Erickson*, 551 U.S. 89 at 93. Defendant's motion to dismiss Counts II and IV under Rule 12(b)(6) for inadequacy of the pleadings is therefore granted, without prejudice and with leave to amend.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 14) is **GRANTED IN PART and DENIED IN PART**.

2. The Motion is **GRANTED as to Counts II and IV**, as Plaintiff has not adequately pleaded her claims of retaliation.

---

[6] "[A] court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.") "A document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make out a claim." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019) (per curiam) (alteration in original) (quoting *Day*, 400 F.3d at 1276). "In this context, 'undisputed' means the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276.

3. In all other respects, the Motion is **DENIED.**

4. Plaintiff is granted leave to file an amended complaint on or before **July 19, 2022**, which cures the deficiencies discussed in this Order. Failure to file an amended complaint by the time provided will result in this case proceeding on the discrimination claims.

**DONE** and **ORDERED** in Tampa, Florida on July 5, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties