UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:  8:21-cv002386-CEH-TGW

MICHELLE LUSSIER,
    Plaintiff,
v.

LIFEWORKS WELLNESS CENTER LLC,
    Defendant.
_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS SOUGHT IN PLAINTIFF'S THIRD REQUEST FOR DOCUMENTS**

Defendant hereby submits its opposition to plaintiff's motion to compel production of documents sought in plaintiff's Third Request for Documents (ECF 52).

**THE FRIVOLOUS NATURE OF THIS ACTION**

Plaintiff was fired from her marketing position at Defendant because she repeatedly sought and accepted bribes from venders from whom she purchased advertising services on behalf of the Defendant.  *See, e.g.,* exh.1 (plaintiff's email to vendor seeking sporting-event tickets in return for her purchase of services from the vendor on behalf of Defendant).  This is but one of numerous incidents of illegal receipt of bribes and other policy violations by plaintiff.  Because plaintiff coincidentally was recovering from cancer at the time of her termination, she fabricated her cancer-recovery as the alleged reason for her termination and filed this "discrimination" claim under the Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

In addition – and separate from the above – plaintiff revealed at her Aug. 30, 2022 deposition that, upon her firing, she sought and received Social Security Disability benefits on grounds of inability to work, but now takes the opposite position

-1-

that she allegedly was able to work despite her alleged "disability." Defendant vigorously disputes plaintiff's claim in its entirety.

## **DEFENDANT HAS BEEN FULLY RESPONSIVE IN DISCOVERY**

In discovery, Defendant already produced its entire EEOC file (784 pages) and numerous other documents.

In addition, in response to plaintiff's First Request for Documents, Defendant voluntarily produced all non-objectionable documents and, in full compliance with this Court's Aug. 26, 2022 Order (ECF 43), produced all further documents ordered by this Court in its decision on Defendant's objections to plaintiff's First Document Request. There is no open issue regarding plaintiff's First Request for Documents.

In addition, in response to plaintiff's Second Request for Documents, Defendant voluntarily produced without objection all documents sought by plaintiff. There is no open issue regarding plaintiff's Second Request for Documents.

Now, in plaintiff's ***Third*** Request for Documents, plaintiff has gone overboard – and overbroad. Plaintiff's Third Request for Documents is massively overbroad and disproportionate to any reasonable need of plaintiff in discovery. As shown below, plaintiff seeks **(1)** documents concerning "statistics and trends in marketing and public relations" ***without regard to plaintiff or to plaintiff's claim*** of employment discrimination in this Disabilities Act case (Request # 3), and also seeks **(2)** 4+ years of emails ***to/from anyone else in the world*** if the emails happen to mention plaintiff by name ***without regard to the subject matter or focus of the emails*** and without regard to a relevant time frame (Requests ## 4-7). Indeed, 3+ years of plaintiff's blunderbuss 4-year request for emails – which are not limited by subject matter of the emails – occurred ***after*** plaintiff commenced litigation in the EEOC which necessarily

impacts Defendant's attorney-client privilege and the work-product protections of its attorneys.  Plaintiff's clearly overbroad and disproportionate Third Request for Documents is now before this Court.

In an attempt to resolve this discovery dispute, Defendant tried to reason with plaintiff and repeatedly explained Defendant's objections not only in Defendant's formal objections, but also in correspondence from Defendant's counsel (exh.2). Plaintiff abruptly emails a rejection of Defendant's objections, *id.,* and, without awaiting a response to her abrupt email-rejection, filed the present motion (ECF 52).  Plaintiff's attorney is not correct is arguing that Defendant made "no further communication" in response to her email-rejection (ECF 52 p.2).   Rather, plaintiff filed her present motion (ECF 52) within one day after her abrupt email-rejection (exh.2), without awaiting a response, and now criticizes Defendant's counsel for an alleged "no further communication" (ECF 52 p.2).

**OVERVIEW OF RESPONSE AND OF<br>
<u>DEFICIENCIES IN PLAINTIFF'S PRESENT MOTION</u>**

**No Dispute Over Email Searches, Provided that the Document Request is<br>
<u>Otherwise Reasonable and Within the Scope of Discovery</u>**

Defendant does not dispute that email searches may be appropriate, provided that the underlying document request is otherwise appropriate and within the scope of discovery in a given case.  If plaintiff simply had awaited a response to her email-rejection – which plaintiff failed to await before making her present motion (pp.2-3 *supra*) – plaintiff would have received a response from Defendant that, after further consultation and after receiving instructions in the matter, Defendant has in fact received guidance concerning email searches and is no longer objecting to an email search as such.  However, the scope of the underlying document request must still be

reasonable and within the limits of discovery in a given case. Document requests which are irrelevant, overbroad, excessive or disproportionate to reasonable discovery needs are still objectionable regardless of computerized email searches. The searches should not be open-ended but should be directed to "specific subject matters." *ADP LLC v. Ultimate Software Group, Inc.,* 2017 WL 7794274 *2 (S.D.Fla. 2017) (search "emails on a specific subject matter"); *Devries v. Morgan Stanley & Co. LLC,* 2015 WL 1623928 *3 (S.D.Fla. 2015) (request denied because "plaintiffs fail to make such a specific request"). Plaintiff concedes in her motion that email searches must be directed to a "specific subject matter" (DE 52 p.10 line 18).

For the reasons that follow, plaintiff's document requests at issue in her Third Request for Documents are not reasonable but rather are overbroad, excessive, and disproportionate to the reasonable discovery needs in this action.

### Overview of Objectionable Nature of Specific Document Requests

Plaintiff's Request #3 – for documents concerning "statistics and trends in marketing and public relations" ***without regard to plaintiff or to plaintiff's claim and without regard to the market of Defendant's medical-office operations*** – is clearly overbroad on its face. Even if narrowed to medical-office operations, which plaintiff has not done, this Request # 3 is still vastly overbroad and vague. The present case is a narrowly-focused (alleged) discrimination case focused on a single individual – present plaintiff – not some antitrust, patent, or non-compete action which would require broad marketplace analyses.

Nor is plaintiff correct in claiming that her Requests ## 4-7 are a material "narrowing" of her prior document-request of which this Court disapproved. As shown below, plaintiff made a similar overbroad request in her First Request for Documents of

-4-

which this Court disapproved at the Aug. 24, 2022 hearing.  The alleged "narrowing" in plaintiff's Third Request for Document is not meaningful.  Without regard to the subject matter of the emails, plaintiff in her Third Document Requests ## 4-7 simply subdivided her prior single overbroad request into 4 separate requests across the relevant three officers of Defendant (present Requests ## 4-7) which cumulatively approximate the clearly overbroad single request of which this Court previously disapproved.  ***Both the present overbroad Requests ## 4-7 and the prior single overbroad Request which this Court disapproved seek emails which happen to mention plaintiff by name without regard to the subject matter of the emails, without regard to the identities of the other email correspondents (i.e., emails to/from anyone else in the world), and without regard to any reasonable period of time over a 4+ year time span.*** [1]

Even without comparison to the prior overbroad request of which this Court disapproved, Requests ## 4-7 are deficient in their own right.  As mentioned, Requests ## 4-7 seek 4+ years of emails to/from 3 designated officers – sent to/from anyone else in the world – which happen to mention plaintiff by name regardless of the subject matter of the emails spanning 4+ years of emails, regardless of a relevant time frame.  Requests ## 4-7 are clearly overbroad and disproportionate to any reasonable discovery need of plaintiff.

---

[1] Among plaintiff's present Requests ## 4-7, only Request # 4 is limited by named correspondents as to both sender and recipient of the emails.  The other Requests ## 5-7 seek emails to/from 3 designated officers of Defendant – ***to/from anyone else in the world without regard to the identity(ies) of the other senders/recipients of the emails, without regard to the subject matter of the emails, and without regard to a relevant time frame over a 4+ year period*** – simply if the email happens to mention plaintiff by name.

Finally, plaintiff's present Request # 8 is a non-issue. Defendant committed to produce specified requested documents that it could locate, but plaintiff falsely argues that Defendant refuses. This Court should deny plaintiff's motion in full.

## **ITEM-BY-ITEM DEFICIENCIES IN PLAINTIFF'S PRESENT MOTION**

### **Document Request # 3**:

Plaintiff's Request # 3 is obviously vague, overbroad and disproportionate to any reasonable discovery need. Without limiting her Request # 3 to plaintiff herself or to plaintiff's present claim – or the market of Defendant's medical-office operations – plaintiff seeks:

"REQUEST 3"

"3. All documents sent from the Personnel Manager (Petal Gause) to the Office Manager (Tamora German) regarding statistics and trends in marketing and public relations for the three (3) years prior to plaintiff's termination."

"RESPONSE TO REQUEST 3"

"3. Defendant objects to this request on the grounds that it is vague and ambiguous, is overbroad, is indefinable, is not proportionate to the reasonable needs of discovery in this action, would impose an unreasonable and unnecessary burden on Defendant in this action, seeks information which is irrelevant, and is not likely to lead to the discovery of admissible evidence."

Plaintiff's Request # 3 is vague, overbroad, excessive, and disproportionate to any reasonable discovery need. Plaintiff's request for 3 years of documents "regarding statistics and trends in marketing and public relations" – without regard to plaintiff, without regard to plaintiff's present discrimination claim, and without regard to the market relating to Defendant's medical-care services – has no reasonable bearing on the legitimate discovery needs in this single-plaintiff (alleged) discrimination claim. The present claim focuses on a single person – present plaintiff – not the entirety of

Defendant's economic operations nor the overall market for health-care services in which Defendant operates, let alone "trends in marketing and public relations" generally.

Nor is it possible to define what plaintiff means by "trends in marketing and public relations" – even if it were somehow limited to plaintiff herself, which plaintiff has not done and likely could not do.  What is a "trend"?  How often must a phenomenon occur before it becomes a "trend"?  How does one define the constituent elements of a phenomenon whose frequency [also undefined] may become a "trend"?  What level or frequency of communication is needed to constitute "marketing" or "public relations"?  And when all these vague variables are combined, what is a "trend" [undefined] in "marketing" [undefined] and "public relations" [also undefined]?

There is no reasonable way to define the scope of this Request nor to reasonably limit it.  Literally, every communication which mentions or alludes to an article in the *Wall Street Journal, Advertising Age, Fortune Magazine* or any other economic publication qualifies for production under plaintiff's exceedingly overbroad and blunderbuss request.

Plaintiff has drafted Request # 3 as if she were prosecuting a broad-based antitrust, patent, or non-compete claim – which would focus on marketing "trends" and economic markets defined by complex analyses of cross-elasticity of demand – rather than prosecuting her present narrow claim of (alleged) employment discrimination involving a single plaintiff.

Request # 3 is vague, overbroad, and disproportionate to any reasonable discovery need in this narrow, single-plaintiff, employment-discrimination action.  This Court should deny plaintiff's motion regarding Request # 3.

**Document Requests 5-7** [2]

Plaintiff's Requests ## 5-7 are 3 parallel document requests which are identically worded, seeking "all communications" ***between*** a named officer in Defendant ***and*** anyone else in the world if the communications happen to mention plaintiff by name – without regard to the subject matter of the communications, without regard to the identities of the correspondents at the other end of the communications, and without regard to a relevant time period within a broad 4+ year time span.

Because of the parallel nature of plaintiff's Requests ## 5-7 and Defendant's objections to them, Defendant now addresses Requests ## 5-7 collectively, with the same analysis applicable to all:

"REQUESTS [5][6][7]"

"[5][6][7].  All communications sent to or from:

[5] Dr. David Minkoff – Defendant's officer named in Request # 5;
[6] Tamora German – Defendant's officer named in Request # 6;
[7] Petal Gause – Defendant's officer named in Request # 7

which mention Michele Lussier by name from August 1, 2018 through present."

"RESPONSES TO REQUESTS [5][6][7]"

"[5][6][7].  Defendant objects to this request on the grounds it is vague and ambiguous, is overbroad, is indefinable, is not proportionate to the reasonable needs of discovery in this action, would impose an unreasonable and unnecessary burden on Defendant in this action, seeks information which is irrelevant, and is not likely to lead to the discovery of admissible evidence.

"Defendant notes that there were tens-of-thousands of emails to or from [Dr. David Minkoff – Request # 5] [Tamora German – Request # 6] [Petal Gause – Request # 7] during this period and that it would be unnecessary, expensive, disproportionate and burdensome to impose upon Defendant the clearly overbroad requirement to examine each and every one of the tens-of-thousands of emails described in the request.

---

[2] Plaintiff's Request # 4 is discussed at pp.15-16 *infra.*

"In addition, Defendant further objects to this request on the ground that at the August 24, 2022 hearing, Magistrate Judge Wilson indicated his disapproval on grounds of overbreadth regarding a similar document request made by plaintiff in Request 19 of plaintiff's First Request for Documents, which led plaintiff to withdraw her Document Request 19 at the August 24, 2022 hearing (8/24/2022 hearing tr. at pp.27-28; ECF 47-3 pp.27-28).  Plaintiff purported to "narrow" her prior Request 19 in her present request, *id.,* but in reality there is no material narrowing in the present request which still would require Defendant to examine each and every one of tens-of-thousands of emails.

"In addition, Defendant objects to this request to the extent that the requested tens-of-thousands of documents involve (1) communications to or from Defendant's attorney(s) and thus are protected from disclosure by the attorney-client privilege, and/or (2) communications at the directions of Defendant's attorney(s) which reflect the thought processes and/or strategies of Defendant's attorney(s) and thus are protected from disclosure by the attorney work-product doctrine, and/or (3) communications which contain or concern personal medical information and/or personal mental-health information and thus are protected from disclosure by HIPAA, the doctor-patient privilege, and/or mental-health privilege, and/or (4) communications which contain or concern religious confessions and/or statements made in connection with spiritual guidance and thus are protected from disclosure by the religious privilege."

The overbroad and disproportionate nature of these Requests ## 5-7 is apparent on their face.  Each of these Requests seeks communications between a named Defendant's officer and someone else – anyone else – in the world which happen to mention plaintiff by name, ***without regard to the subject matter of the communications, without regard to the identies of the correspondents on the other end of the communications, and without regard to a narrowly defined relevant time period within a much larger 4+ year time span "from August 1, 2018 through present."***

The patently overbroad and excessive nature of these Requests ## 5-7 should not require extended discussion.  By commencing her lawsuit, putting aside its frivolous nature (pp.1-2 *supra*), plaintiff should not get the right t**o** limitless intrusions into Defendant's communications without regard to subject matter of the

communications (there are no subject-matter limitations in Requests ## 5-7), and without reasonable time limits (plaintiff seeks 4+ years of communications), simply because the communications happen to mention plaintiff by name.

Contrary to plaintiff's motion, Requests ## 5-7 are not "narrowly tailored." Rather, they cumulatively approximate the overbroad range of plaintiff's prior Request # 19 in plaintiff's First Request for Documents which this Court disapproved at the Aug. 24, 2022 hearing (8/24/2022 tr. pp.27-28; ECF 47-3 pp.27-28). Plaintiff's prior Request # 19 sought emails and electronically stored information ("ESI") which happened to mention plaintiff by name without regard to the subject matter of the emails or ESI, without regard to the identities of the correspondents to/from whom the emails or ESI were sent, and without regard to time period. *See* prior Request # 19 quoted in motion at p.4n.2 (ECF 52 p.4n.2). This Court expressed its disapproval of plaintiff's prior Request # 19 (8/24/2022 tr. pp.27-28; ECF 47-3 pp.27-28).

Now plaintiff makes essentially the same overbroad request but has re-packaged it in a different form. Rather than a single overbroad request as in prior Request # 19, plaintiff now has divided the prior overbroad Request # 19 into three subsets and has re-served it as her new Requests ## 5-7. There is no material difference between the prior Request # 19 and the cumulative scope of the new Requests ## 5-7. The 3 officers of Defendant mentioned in the new Requests ## 5-7 – Dr. Minkoff, Tamora German, and Petal Gause – would have been involved in the great majority of emails and ESI requested in the prior Request # 19, so that the new Requests ## 5-7 cumulatively approximate the scope of the prior overbroad Request # 19. The new Requests ## 5-7 do not materially "narrow" anything.

Even apart from any similarity to the prior overbroad Request # 19, the present Requests ## 5-7 are clearly overbroad and excessive in their own right.  In the new Requests ## 5-7, plaintiff seeks "all communications" between 3 named officers of Defendant and anyone else in the world if the communications happened to mention plaintiff by name – ***without regard to the subject matter of the communications, without regard to the identies of the correspondents on the other end of the communications, and without regard to a narrowly defined relevant time period within a much larger 4+ year time span "from August 1, 2018 through present."*** On their face, these Requests ## 5-7 clearly exceed all reasonable scope of inquiry and are disproportionate to any reasonable discovery need.

Plaintiff repeatedly and incorrectly argues that her new Requests ## 5-7 are "narrow."  No less than 6 times in her motion, plaintiff argues that Requests ## 5-7 are "narrowly tailored" or are "narrow request[s]" (ECF 52 at p.12 lines 8 & 10, p.15 line 9, p.17 lines 9-10, p.18n.5 line 3, p.20n.6 line 3).   Not so.   Plaintiff's conclusory arguments of "narrowly tailored," *id.,* do not match the substance of the overbroad and excessive scope of these requests which are unlimited as to subject matter, unlimited as to the identities of the correspondents on the other ends of the communications, and virtually unlimited in time span which exceeds 4+ years.

Plaintiff's motion is otherwise misleading.  In plaintiff's motion, plaintiff implies that there are subject-matter limitations in her Requests ## 5-7 by arguing that she should be permitted to see emails which involve plaintiff's "policy violations and fail[ure] to perform her job duties" (p.13), "plaintiff's [alleged] disability" (p.13), plaintiff's "terminat[ion] … for non-discriminatory reasons" (p.15), "[p]laintiff's allegations of discrimination and retaliation" (p.17), and "plaintiff's "policy violations," etc. (p.17). But,

contrary to this new language in plaintiff's motion, there are no such subject-matter limitations in plaintiff's Requests ## 5-7.  In substance and on their face, Requests ## 5-7 are unlimited as to the subject matter of the requested communications and further unlimited as to the identities of the correspondents on the other ends of the communications.

Buried in two footnotes, plaintiff essentially concedes the overbreadth of Requests ## 5-7.  In footnotes 5 & 6 on pages 18 & 20 of plaintiff's motion, plaintiff concedes that she anticipates that Requests ## 6 & 7 (concerning Defendant's officers Tamora German and Petal Gause) may be "deemed overbroad," which plaintiff admits led her to serve new Request # 4 which is slightly more limited (DE 52 pp.18n.5 & p.20n.6).  Request # 4 is slightly narrower only in the sense that it requests communications only between officers German and Gause themselves, unlike Requests ## 6 & 7 which separately request communications between, on the one hand, officers German and Gause and, on the other hand, anyone else in the world without regard to the identities of the correspondents on the other ends of the communications. *Id.*  Plaintiff essentially concedes the overbreadth of Requests ## 6 & 7 by her admissions concerning her need for the "narrower" Request # 4 (ECF 52 pp.18n.5 & 20n.6).

Plaintiff's concession of likely overbreadth in Requests ## 6 & 7 applies equally to Request # 5.  Request # 5 concerning Dr. Minkoff is worded identically to Requests ## 6 & 7 concerning officers German and Gause and, like Requests ## 6 & 7, is unlimited both in the subject matter of the requested communications and in the identities of the correspondents on the other ends of the communications.  In short, by plaintiff's tacit admission and its identical wording, Request # 5 concerning Dr. Minkoff,

like Requests ## 6 & 7 concerning officers German and Gause, is overbroad and disproportionate to any reasonable discovery need. *Id.* [3] In short, all 3 Requests ## 5-7 are deficient and objectionable as overbroad, excessive, and disproportionate to any reasonable discovery need.

## Requests ## 5-7 Also Contravene Defendant's Attorney-Client and Work-Product Protections

In addition to the above, Requests ## 5-7 contravene Defendant's attorney-client privilege and the work-product protections of Defendant's counsel. In Requests ## 5-7, plaintiff seeks documents from "August 1, 2018 through present" – a period of 4+ years. Yet more than 3+ years of this 4+ year period (over 75%) were involved in the present litigation. Plaintiff was terminated on Aug. 1, 2019 and a mere 5 days later, on Aug. 6, 2019, filed her complaint with the EEOC (ECF 14-1). Thus virtually all communications from Aug. 6, 2019 to present – more than 3+ years of the requested production – that might mention plaintiff by name involved either privileged attorney-client communications or work-product material or both. *See* Declaration of Defendant's Office Manager Tamora German, to be filed.

These communications are protected from disclosure on these grounds alone – in addition to the above-mentioned overbroad, excessive, and disproportionate nature of Requests ## 5-7 to begin with. [4] *Upjohn Co. v. U.S.,* 449 U.S. 383, 389 (1981) (protecting of attorney-client privileged communications); *In re Slaughter,* 694 F.2d

---

[3] As discussed below, Request # 4, although technically narrower in the limited sense discussed in the text, is still deficient and objectionable in its unlimited request for "all communications" without regard to subject matter or relevant time period within a broad 4+ year time span. *See* pp.15-16 *infra.*

[4] To the extent that this Court holds Requests ## 5-7 to be unenforceable because they are overbroad, excessive and/or disproportionate (which they are), the attorney-client and work-product issues become moot.

1258, 1260 (11th Cir. 1982) (same); Fed.R.Civ.P. 26(b)(3)(A) (protection of work-product materials).

Plaintiff's imbalanced and top-heavy focus on obvious attorney-client and work-product communications should itself nullify plaintiff's requests, at least during the litigation period after plaintiff filed with the EEOC on Aug. 6, 2019 (ECF 14-1). Plaintiff's counsel clearly was aware of the skewed and improper focus on Defendant's attorney-client and work-product communications in plaintiff's Requests ## 5-7 which are heavily skewed (over 75%) to the litigation period after Aug. 6, 2019 (requesting documents "August 1, 2018 though present").  This litigation-heavy time period in plaintiff's Requests ## 5-7 appears designed either to compromise Defendant's attorney-client and work-product protections or to impose intentionally and unfairly upon Defendant and its counsel the burden and expense of a detailed privilege log to drain Defendant's resources.  Indeed, knowing of this burden and expense, and with this apparent intent, plaintiff goes out of her way to assert Defendant's alleged obligation to incur the burden and expense of a "privilege log" no less than 4 times in her motion (ECF 52 at p.13 line 18, p.16 line 1, p.18 line 3, p.20 line 6).

This Court should not countenance plaintiff's clearly improper attempt to invade or burden Defendant's attorney-client and work-product protections.  Without prejudice to Defendant's above argument that Requests ## 5-7 are improper in their totality (pp.8-13 *supra*), this Court alternatively should exclude the litigation time period after Aug. 6, 2019 from the obligation to produce documents and/or a privilege log.

## Document Request 4

"REQUEST 4"

"4. All communications between the Personnel Manager (Petal Gause) and the Office Manager (Tamora German) which mention Michele Lussier by name from August 1, 2018 through present."

"RESPONSE TO REQUEST 4"

[Same objection as to Requests ## 5-7 which is quoted at pp.8-9 *supra*]

Plaintiff's Request # 4 is identical to Requests ## 5-7 (pp.8-14 *supra*) except for a single minor detail which does not save it.

Request # 4 has the same serious deficiencies as Requests ## 5-7. Request # 4, like Requests ## 5-7, requests "all communications" that happen to mention plaintiff by name without regard to the subject matter of the communications and without regard to a relevant time period within a broad 4+ year time span. To this extent, Request # 4 has the same deficiencies as Requests ## 5-7 (pp.8-14 *supra*).

The only difference between the scope of Request # 4 and those of Requests ## 5-7 is the identities of the correspondents in the requested communications. Whereas Requests ## 5-7 request communications between 3 named officers of Defendant and anyone else in the world (without regard to the identities of the correspondents on the other ends of the communications), Request # 4 identifies the correspondents on both ends – seeking communications between officers Tamora German and Petal Gause.

This minor difference does not save Request # 4. Request # 4, like Requests ## 5-7, fails to specify the subject matter of the requested communications and literally is without limit as to scope or focus (pp.8-14 *supra*). Request # 4, also like Requests

## 5-7, is without meaningful time limit, instead seeking communications across a broad 4+ year time span without regard to relevance. *Id.*

Thus the same deficiencies which preclude enforcement of Requests ## 5-7 also should preclude enforcement of Request # 4. *Id.* [5]

### Document Request 8

This is a non-issue. Defendant already stated it would produce documents it could locate. Defendant already has produced plaintiff's personnel file which may have contained documents responsive to Request # 8. Beyond this, Defendant has no further documents responsive to Request # 8.

### CONCLUSION

This Court should deny plaintiff's motion to compel, as plaintiff's document requests are clearly overbroad, excessive and disproportionate to any reasonable discovery need. Alternatively this Court should limit the scope of production to protect Defendant's attorney-client and work-product protections, as indicated.

(Certificate of Service on next page)

---

[5] For the same reasons mentioned above regarding Requests ## 5-7, this Court alternatively should exclude the litigation period after Aug. 6, 2019 from any obligation under Request # 4 to produce documents or a privilege log, without prejudice to Defendant's primary argument that the document request is deficient in its entirety (pp.8-14 *supra*).

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a true and correct copy of this document has been furnished through this Court's ECF system to all counsel of record on Oct. 3, 2022.

Dated:  October 3, 2022          LAW OFFICE OF DENNIS GROSSMAN

by: /s/ Dennis Grossman
       Dennis Grossman
Attorney for Defendant
 LIFEWORKS WELLNESS CENTER LLC
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com
FBN 0841811

LAW OFFICE OF MAX R. PRICE, P.A.
Max R. Price
Attorneys for Defendant
 LIFEWORKS WELLNESS CENTER LLC
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(305) 662-2272
mprice@pricelegal.com
FBN 651494