UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE LUSSIER,**
    **Plaintiff,**

  v.                          **CASE NO: 8:21-cv002386-CEH-TGW**

**LIFEWORKS WELLNESS CENTER LLC,**
    **Defendant.**
_____/

**STIPULATION AND ORDER RESOLVING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
SOUGHT IN PLAINTIFF'S THIRD REQUEST FOR
DOCUMENTS AND PROVIDING FOR OTHER RELIEF**

    The parties stipulate as follows to resolve Plaintiff's motion to compel documents sought in plaintiff's Third Request for Documents (ECF 52) and Defendant's opposition thereto (ECF 56 & 58):

    1. Plaintiff's Request #3 in Plaintiff's Third Request for Documents is withdrawn;

    2. Plaintiff's Requests ##4-7 are resolved as follows: Defendant shall produce copies of communications if and only if the communications satisfy <u>all</u> of the following conditions: the communications (a) mention plaintiff Michele Lussier by name (either "Michele" or "Lussier"), and (b) were sent on or between Aug. 1, 2018 - Aug. 31, 2019, and (c) are not protected from disclosure by any privilege (including without limitation the attorney-client privilege) and/or by the attorney-work-product doctrine, and (d) were sent between, on the one hand, (i) Dr. David Minkoff, Tamora German and/or Petal Gause, and,

-1-

on the other hand, (ii) Dr. David Minkoff, Tamora German, Petal Gause, Brittany O'Steen, Courtney Bassett, Brennon Chadwick, Scott D'Ambra, Liz (Kinny) DeMayo, Lisa McDowell, and/or Michele Lussier.

3. Notwithstanding the provisions of paragraph 2 above, Defendant need not produce, and is not required to serve a privilege log for, communications described in paragraph 2 above which are protected from disclosure by the attorney-client privilege or other privilege.

4. Notwithstanding the provisions of paragraph 2 above, Defendant need not produce, but shall serve a privilege log for, communications described in paragraph 2 above which are not protected from disclosure by the attorney-client privilege or other privilege but which are protected from disclosure by the attorney-work-product doctrine. The privilege log applicable to communications described in this paragraph 4 shall recite (a) the date of the communication, (b) the sender of the communication, (c) the recipient of the communication, and (d) the general subject matter of the communication.

5. Plaintiff's motion (ECF 52) is otherwise denied.

6. The hearing scheduled for Oct. 25, 2022 on Plaintiff's motion (ECF 52) is cancelled.

7. Each party shall bear her/its own costs and attorneys fees in connection with Plaintiff's motion (ECF 52) and this Stipulation and Order.

8. Defendant may serve subpoena(s) in connection with Plaintiff's application for and receipt of Social Security Disability benefits.


KWALL BARACK NADEAU PLLC       LAW OFFICE OF DENNIS GROSSMAN

by: /s/ Michelle Erin Nadeau          by: /s/ Dennis Grossman
Michelle Erin Nadeau                  Dennis Grossman
Attorneys for Plaintiff               Attorney for Defendant
MICHELE LUSSIER                       LIFEWORKS WELLNESS CENTER LLC
304 S. Belcher Road (Suite C)         6701 Sunset Drive (Suite 104)
Clearwater, Florida 33765             Miami, Florida 33143
(727) 441-4947                        (516) 466-6690
mnadeau@employeerights.com            dagrossmanlaw@aol.com
FBN 0060396                           FBN 0841811


So Ordered:_____
Hon. Thomas G. Wilson
United States Magistrate Judge