UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELE LUSSIER,

    Plaintiff,

v.                                          Case No: 8:21-cv-2386-CEH-TGW

LIFEWORKS WELLNESS CENTER, LLC,

    Defendant.
_____

**<u>ORDER</u>**

This cause comes before the Court on Plaintiff Michele Lussier's Motion for Partial Summary Judgment (Doc. 55). In this employment action, Plaintiff alleges Defendant Lifeworks Wellness Center, LLC ("Lifeworks" or Defendant) discriminated and retaliated against her based on a disability. She seeks partial summary judgment that she has a disability and that she is a qualified individual, as defined by the Americans with Disabilities Act ("ADA") and Florida Civil Rights Act ("FCRA"). Defendant has responded in opposition (Doc. 67), and Plaintiff has replied (Doc. 68).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion for partial summary judgment.

I.    FACTS[1]

Plaintiff Michele Lussier began doing marketing and public relations work for Defendant Lifeworks Wellness Center, a holistic medical center, in 2007. At first, she was officially employed by Lifeworks' sister company, BodyHealth; Lifeworks began employing her directly in December 2013. Doc. 55-1 at 3-8; Doc. 55-3 at 1. Lussier testified that her title of Public Relations and Marketing Manager remained consistent during her employment with BodyHealth and Lifeworks. Doc. 55-1 at 7-8. In January 2018, she became the manager of two junior employees. *Id.* at 18, 20. A "commendation" from Tamora German, Lifeworks' office manager, dated January 29, 2018, stated that Lussier's managerial responsibilities were a "promotion" due to her "hard work and dedication to" the position she had held since 2007. *Id.* at 20. German noted that she had "taken on more and more responsibility and always been helpful and willing to take on projects to assist in areas not her own." *Id.*

In June 2019, Lussier was diagnosed with pancreatic cancer. Doc. 102. She had surgery to remove a cancerous tumor on her pancreas in late June and was discharged from the hospital on July 2. *Id.*; Doc. 55-1 at 8-9. The surgery successfully removed the tumor, which had not metastasized. *Id.* at 9; Doc. 102. Lussier testified that, after

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including declarations and exhibits, as well as the Stipulation of Agreed Material Facts (Doc. 102). The latter document contained a mere seven stipulated facts, even after the Court ordered the parties to confer in good faith to cure their initial "woefully inadequate" statement that claimed there were no facts the parties agreed to. *See* Docs. 98, 100. For purposes of summary judgment, the Court considers the facts in the light most favorable to the non-moving party as required by Fed. R. Civ. P. 56.

2

the surgery, an oncologist told her that people with the same type of cancer typically have only three to five years to live, and recommended she undergo chemotherapy. Doc. 55-1 at 10-11. She declined chemotherapy and has tested "cancer free" ever since. *Id.* at 14. Lussier explained that it took "two or three months" for her "full energy" to return, after which she was "pretty much [her] old self." *Id.*

Lussier returned to work at Lifeworks on a part-time basis on July 10, 2019, and returned full-time on July 26. Doc. 102. Her employment was terminated on July 31. *Id.* German, Lifeworks' office manager, stated in a declaration that Lussier was terminated because Lifeworks had discovered numerous violations of company policies, including the solicitation and acceptance of bribes from vendors, while Lussier was on medical leave. Doc. 67-3; *see also* Doc. 72 *et seq.* (containing evidence Defendant submitted in support of its policy violation allegations).

After exhausting her administrative remedies, Lussier initiated the instant action on October 11, 2021, alleging that Lifeworks discriminated and retaliated against her because of her cancer diagnosis. Doc. 1. In the Amended Complaint, she alleges that when she returned to work after her surgery her appearance was visibly changed and her physical abilities were limited, which conflicted with Lifeworks' goal of providing a "healthy and strong image to the public." Doc. 24 ¶¶ 17, 36. Although she was not informed that Lifeworks had any performance or disciplinary concerns with her, Lussier alleges that her supervisory responsibilities were immediately taken away, her remote email access was removed, she was required to copy German on every email she sent, and she was asked to make up the time she spent in the hospital

3

or forego her weekly bonus. *Id.* ¶¶ 18, 19, 21, 24, 27. Lussier states she informed German of her oncologist's recommendation for chemotherapy and anticipated life expectancy on or around July 26, 2019. *Id.* ¶ 28. On July 30, Lussier alleges she requested permission to work a half-day because of her need to rest. *Id.* ¶ 30. She was terminated the next day. Doc. 102.

Plaintiff now moves for partial summary judgment as to two elements of a *prima facie* case of disability discrimination under the ADA and FCRA: that her cancer constitutes a "disability," and that she was a "qualified" employee. Doc. 55. Defendant opposes summary judgment. Doc. 67.

## II.     LEGAL STANDARD

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id.*

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).  That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  "Only when that burden has been met does the burden shift to the non-moving party." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

### III.    DISCUSSION

As it did in its Order on Defendant's Motion to Dismiss, the Court will analyze Plaintiff's state and federal claims together in this Order, because claims brought under the FCRA are analyzed using the same framework as claims under the ADA. *See* Doc. 23 at 5-6, citing *Holly v. Clairson Industries, LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007) ("disability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims"); *State v. Jackson*, 650 So.2d 24, 27 (Fla. 1995) ("a long standing rule of statutory construction in Florida recognizes that if a state law is patterned after federal law on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts").

Under the ADA and FCRA, a plaintiff seeking to prove disability discrimination based on circumstantial evidence must first establish a prima facie case. To do so, the plaintiff must show that she: (1) is disabled, (2) is a qualified individual,

5

and (3) suffered discrimination because of her disability. *EEOC v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019). Once the plaintiff has established a prima facie case, she is entitled to a presumption of discrimination and the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action. *See*, *e.g.*, *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1150 (11th Cir. 2005). If such a reason is identified, the burden returns to the plaintiff to prove the reason is a pretext for disability discrimination. *Id.* at 1151. On the other hand, if the plaintiff fails to establish a prima facie case, the employer is entitled to judgment as a matter of law. *Id.* at 1150.

### A. Disability

Plaintiff first seeks summary judgment as to the first element of a prima facie case of disability discrimination: that she had a disability at the time of her termination. Highlighting the 2008 amendment to the ADA that expanded the definition of "disability," she argues that a cancer diagnosis is now a per se disability, irrespective of her successful surgery or any remission. Doc. 55 at 7-8. In response, Defendant asserts that Plaintiff's cancer was too short-lived to be considered a disability as a matter of law, particularly because she was fully cured after the surgery. Doc. 67 at 3-4. Plaintiff replies to assert that the cases on which Defendant relies either were applying the pre-amendment definition of disability, or found that disability was a question of fact only when denying an employer's motion for summary judgment. Doc. 68 at 4-6.

The ADA defines a "disability," as relevant here, as "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). Since the 2008 amendment, the definition of "major life activities" has included, "the operation of a major bodily function, including but not limited to… normal cell growth[.]" *Id.* § 12102(2)(B). The statute also provides several relevant rules of construction:

> (A) The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.
> …
> (C) An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.
> (D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

*Id.* § 12102(4).

The implementing regulations to the ADA set forth examples of "predictable assessments" of disability whose principles are "intended to provide for more generous coverage." 29 C.F.R. § 1630.2(j)(3)(i). The examples identify types of impairments for which an individualized assessment "will, in virtually all cases, result in a determination of coverage" under the "disability" element of a prima facie case. *Id.* § 1630.2(j)(3)(ii). "[I]t should be easily concluded that [these] types of impairments will, at a minimum, substantially limit the major life activities indicated[.]" *Id.* § 1630.2(j)(3)(iii). One such example is that "cancer substantially limits normal cell growth." *Id.*

7

In light of the post-amendment guidance, district courts have routinely found that a plaintiff's cancer diagnosis was sufficient to defeat an employer's summary judgment motion with respect to disability. *See, e.g.*, *Babin v. Lofton Corp.*, No. CV 20-00754-BAJ-SDJ, 2022 WL 2351913, *7 (M.D. La. June 29, 2022) ("[E]ven if plaintiff's cancer only substantially limited normal cell growth, and no other life activities, it would still qualify as a disability."); *Malkowski v. Cleveland Corp.*, No. 18-CV-5829, 2021 WL 5769534, *12–13 (N.D. Ill. Dec. 6, 2021) ("[T]here is a genuine issue of material fact about whether Malkowski's cancer counted as a disability."); *Watkins v. Shriners Hosps. for Child., Inc.*, No. 5:18-CV-548-REW-MAS, 2020 WL 2309468, *5 (E.D. Ky. May 8, 2020) ("Watkins has provided enough, at this stage, to submit the issue of whether she was actually disabled under the ADA to a jury."); *Donaldson v. Trae-Fuels, LLC*, No. 3:18CV00097, 2019 WL 6646735, *8 (W.D. Va. Dec. 5, 2019) ("Donaldson has offered sufficient evidence to withstand summary judgment on the issue of whether his pancreatic cancer substantially limited one or more major life activities and was therefore disabling for purposes of the ADA."); *Wilson v. Graybar Elec. Co. Inc.*, No. CV 17-3701, 2019 WL 1229778, *12 (E.D. Pa. Mar. 15, 2019) ("The Court concludes that facts relating to whether Plaintiff's cancer is a disability under the ADA are in dispute and the sufficiency of inferences from Plaintiff's briefing and testimony are best decided by a jury at trial."); *Lonergan v. Dep't of Corr. Sec'y Julie Jones*, No. 4:14CV42-MW/CAS, 2017 WL 1197869, at *8–9 (N.D. Fla. Feb. 28, 2017), *report and recommendation adopted by* No. 4:14CV42-MW/CAS, 2017 WL 1202660 (N.D. Fla. Mar. 30, 2017) ("At a minimum, Mr. Lonergan has submitted sufficient evidence to

8

create a genuine dispute of fact as to whether he is disabled under the ADA"); *Showers v. Endoscopy Ctr. of Cent. Pennsylvania, LLC*, 58 F. Supp. 3d 446, 461 (M.D. Pa. 2014) ("Showers presents a genuine issue regarding whether she was disabled within the meaning of the ADA and will therefore decline to dismiss her ADA claim on this basis."); *Haley v. Cmty. Mercy Health Partners*, No. 3:11-CV-232, 2013 WL 322493, *11 (S.D. Ohio Jan. 28, 2013) ("[A] reasonable jury could conclude that Haley was disabled under the ADA"); *Angell v. Fairmount Fire Prot. Dist.*, 907 F. Supp. 2d 1242, 1250–51 (D. Colo. 2012) ("[I]t is undisputed that Plaintiff was diagnosed with cancer, and that he underwent surgeries and treatment for his cancer; therefore, Plaintiff has adequately alleged that he had a disability under the ADA.") *aff'd*, 550 F. App'x 596 (10th Cir. 2013); *Katz v. Adecco USA, Inc.*, 845 F. Supp. 2d 539, 548 (S.D.N.Y. 2012) ("As a result of the amendments to the ADA, it appears not to matter that her cancer was in remission at the time of the alleged discrimination."). The Court therefore concludes that Plaintiff's cancer diagnosis would be sufficient if Defendant were seeking summary judgment as to the disability prong.[2]

However, Plaintiff is the party seeking summary judgment, arguing that her cancer diagnosis entitles her to a finding of disability as a matter of law. The two circuit courts of appeal to address the issue have declined to apply the *per se* disability

---

[2] The Eleventh Circuit case on which Defendant relies for the proposition that Plaintiff's cancer was not a disability was decided based on the pre-amendment version of the ADA's definition of disability, and therefore is not applicable to this Court's decision. Doc. 67 at 3, citing *Shepard v. United Parcel Service, Inc.*, 470 F. App'x 726, 729 (11th Cir. 2012); *see id.* at 728 n.3 (noting that the court would apply the pre-amendment definition because the amendments were not retroactive).

rule for which Plaintiff advocates. The Third Circuit emphasized that the ADA requires an "individualized assessment," even where that assessment may be "particularly simple and straightforward." *Alston v. Park Pleasant, Inc.*, 679 F. App'x 169, 172 (3d Cir. 2017), citing 29 C.F.R. §§ 1630.2(j)(1)(iii), (iv). It concluded that "an individualized assessment must still take place," which requires "some evidence of the plaintiff's substantial limitation—even when that limitation seems self-evident in context." *Alston*, 679 F. App'x at 172. Similarly, the Tenth Circuit has found that a disability must be determined individually with evidence that a diagnosis actually limited the identified major life function. *Scavetta v. Dillon Companies, Inc.*, 569 F. App'x 622, 624-25 (10th Cir. 2014). The court held that "it is not sufficient for a plaintiff to identify an impairment and leave the court to infer that it results in substantial limitations to a major life activity"; instead, "there must be some evidence to support the theory that [a diagnosis] substantially limited" the plaintiff's bodily function." *Id.* (citations omitted).

The plaintiff satisfied this burden in *EEOC v. Optimal Sols. & Techs., Inc.*, 422 F.Supp.3d 1037, 1043-44 (D. Md. 2019), when it provided unrebutted evidence from the charging party's treating physician that a brain tumor, although benign, was "caused by abnormal division of cells in that the cell division is 'unregulated or poorly regulated,'" which resulted in vision changes. Based on this evidence, the court could not "discern any reasonable dispute of material fact as to whether [the charging party] qualifies as disabled." *Id.* at 1043.

Here, the parties agree that Plaintiff was diagnosed with and treated for pancreatic cancer. Doc. 102. However, the record does not contain any specific evidence that her diagnosis caused or entailed abnormal cell growth or other limitation—as "self-evident" as it may seem. *See Alston*, 679 F. App'x at 172. Plaintiff has not presented any medical evidence or even a detailed description of any symptoms she experienced. She instead relies on the diagnosis alone as the basis for a finding that she was disabled as a matter of law; but she does not cite, nor could this Court locate, any cases finding that a plaintiff was entitled to summary judgment as to disability based on a diagnosis alone.[3] The Court agrees with the Third and Tenth Circuits' unpublished holdings that a plaintiff must offer some evidence from which the Court can conduct the necessary individualized assessment to determine whether the diagnosis substantially limited a major bodily function. Because material questions of fact remain, Plaintiff has not met her burden of proving that she is entitled to summary judgment as to disability.

---

[3] The closest case is *Norton v. Assisted Living Concepts, Inc.*, 786 F.Supp.2d 1173, 1184-86 (E.D. Tex. 2011), in which the court denied the employer's motion for partial summary judgment as to disability where the plaintiff had renal cancer. The court then notified the employer that it intended to grant partial summary judgment to the plaintiff under Rule 56(f)(1). *Id.* at 1187. The opinion does not reveal that any specific medical evidence was before the court besides the plaintiff's diagnosis, so it appears that the court intended to apply the per se disability rule that Plaintiff advocates. However, the case docket reveals that the action settled before an order of summary judgment for the plaintiff was entered. To the extent *Norton* provides support for Plaintiff's position, the Court declines to follow it because it finds that a per se disability rule based on diagnosis alone is inconsistent with the ADA and accompanying regulations for the reasons explained *supra*.

### B. Qualified Individual

Plaintiff also seeks summary judgment as to the second element of a prima facie case of disability discrimination: that she was a "qualified individual" at the time of her termination. She asserts that longevity of employment is sufficient to demonstrate a plaintiff's qualification in a termination case, citing Eleventh Circuit cases that applied an inference of qualification in such a circumstance. Doc. 55 at 12. In response, Defendant argues that Lussier was not a qualified individual because she committed many policy violations that were discovered when she was on medical leave, and she refused to do an aspect of her job. Doc. 67 at 4-8. Plaintiff contends that a claimant's poor performance is not relevant until the pretext stage of the analysis and does not bear on qualification in light of longevity. Doc. 68 at 7-9; *see also* Doc. 55 at 13.

Under the ADA, a "qualified individual" is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" 42 U.S.C. § 12111(8). Plaintiff urges the Court to follow the line of cases that have applied an inference of qualification based on a plaintiff's longevity of employment alone. *See, e.g.*, *Liebman v. Metro Life Ins. Co.*, 808 F.3d 1294, 1299 (11th Cir. 2015) ("Nine years in the same position, and nearly three decades at the company, is long enough to support the inference that he was qualified for his job."), citing *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) ("Our precedent holds that if a plaintiff has enjoyed a long tenure at a certain position, we can infer that he or she is qualified to hold that particular

position."); *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001). However, Plaintiff neglects to acknowledge that these cases, and those on which they relied, involved claims under Title VII or the Age Discrimination in Employment Act ("ADEA"), rather than the ADA. Qualification under Title VII and the ADEA requires an assessment of the plaintiff's skills and background alone, *see Damon*, 196 F.3d at 1360—factors that are usually static. For this reason, it is logical to presume that a plaintiff possesses the required skills and background if she has been performing the job for a significant period of time. In an ADA claim, however, a plaintiff who has become disabled must demonstrate that she can *still* fulfill the essential functions of her job, despite the onset of her disability. *See, e.g.*, *Reed v. Heil Co.*, 206 F.3d 1055, 1062-63 (11th Cir. 2000) (plaintiff who became disabled after a work injury, did not receive medical clearance to return to his former position, and could no longer perform the essential functions of his former job was not qualified under the ADA). Here, Plaintiff alleges that she became disabled in 2019. Her employment experience prior to the disability onset does not speak to whether she could continue to perform the essential functions of the role with or without reasonable accommodations. Therefore, unlike the plaintiffs in the ADEA and Title VII cases on which she relies, she is not entitled to an inference of qualification.

      Plaintiff has not submitted evidence from which the Court can conclude, as a matter of law, that she could perform the essential functions of her job, with or without reasonable accommodations, after her cancer diagnosis. Plaintiff argues there is "no evidence that [her diagnosis] rendered her incapable of continuing to perform the

13

essential functions, with or without an accommodation, of this job which she had held for years," pointing to the fact that she had returned to work full-time prior to her termination. Doc. 55 at 12. But Plaintiff, as the movant, is the one who must present sufficient evidence that she *was* still capable of performing the essential functions before she can receive summary judgment. The record before the Court demonstrates only that she had returned to work full-time a week before her termination, which is not enough. Neither party has offered evidence as to the essential functions of Plaintiff's role and the impact, if any, of her cancer diagnosis on her ability to perform them.[4] The evidence in the record is inadequate to satisfy Plaintiff's burden of proof on summary judgment.

The Court also observes that an additional piece of evidence that bears on qualification became available after summary judgment briefing was complete. *See* Doc. 107. In Plaintiff's Social Security Disability application, she stated that she was unable to work as of August 1, 2019. Doc. 107-7. This statement is in arguable contradiction with a finding that she was a "qualified individual" who remained capable of performing the essential functions of her job. In *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999), the Supreme Court held that such a statement does not preclude a finding of ADA qualification, but also that "an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of" it; she must "proffer a

---

[4] The Court agrees with Plaintiff that Defendant's focus on policy violations that apparently predated her diagnosis are not relevant at the prima facie case stage unless they reflect an inability to perform the role's essential functions, a phrase and concept that do not appear in Defendant's response in opposition or its evidence.

14

sufficient explanation." Although the Court denied Defendant's motion to extend the summary judgment deadline when the document became available, finding that Defendant did not establish its own diligence or the Plaintiff's bad faith, *see* Doc. 109, it will not ignore the existence of the material question of fact that the new evidence creates when deciding whether Plaintiff is entitled to summary judgment as to qualification. Therefore, with or without consideration of Plaintiff's Social Security Disability application, material and genuine disputes of fact exist as to whether Plaintiff was a qualified individual under the ADA. Her motion for summary judgment must be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff Michele Lussier's Motion for Partial Summary Judgment (Doc. 55) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 25, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties